## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **JOSELINA CRUZ,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )   **Civil Action No. 2012-44** |
| **WYATT V.I., INC., WYATT FIELD SERVICES, AND HOVENSA, L.L.C.,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

| | |
|---|---|
| **JOSELINA CRUZ,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )   **Civil Action No. 2013-70** |
| **WYATT V.I., INC., WYATT FIELD SERVICES, AND HOVENSA, L.L.C.,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

**Attorneys:**
**Natalie Nelson Tang How, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Alicia M. Chiu, Esq.,**
Orlando, FL
    *For Defendant HOVENSA, L.L.C.*

**Bailey A. Calhoun, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants Wyatt V.I., Inc. and Wyatt Field Services*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendants Wyatt Field Service Company ("WFSC") and Wyatt V.I., Inc.'s ("Wyatt") (collectively, "Wyatt Defendants") "Motion to Stay Proceedings Pending Arbitration," filed in Civil Action No. 12-CV-0044 (Dkt. No. 13).[1] By Order dated August 13, 2013, this case was consolidated with the identically-captioned action 13-CV-0070, in view of the common questions of law and fact presented in the two cases. (Dkt. No. 17).[2] For the reasons that follow, the Court will grant the Motion.

## I.   BACKGROUND

Plaintiff Joselina Cruz ("Plaintiff") was employed by Wyatt and worked at the HOVENSA oil refinery on St. Croix prior to the dispute at issue in this case. (Dkt. No. 1 at 2). As a part of her application to work for Wyatt, Plaintiff signed a Dispute Resolution Agreement ("DRA") in November 2004, which was executed by Wyatt in January 2005 upon Plaintiff's employment. (Dkt. No. 14 at 1-2; DRA attached as Exhibit 1). Plaintiff served as a safety technician, was briefly laid off due to a workforce reduction, and was rehired in July 2005, at which point she entered into a second DRA with Wyatt. (Dkt. No. 14 at 1-3; second DRA attached as Exhibit 2). Both DRAs contain provisions that "Wyatt and [Plaintiff] agree to resolve

---

[1] The Complaint (and caption) names Wyatt Field Services. The Wyatt Defendants assert that the entity in question is correctly known as Wyatt Field Service Company. (Dkt. No. 14 at 1).

[2] Defendant HOVENSA, L.L.C. ("Hovensa") filed two "Motion[s] to Dismiss," one in each of the now consolidated cases. (12-CV-0044, Dkt. No. 6; 13-CV-0070, Dkt. No. 2). In the Motion in 12-CV-0044, Hovensa sought dismissal based on Plaintiff's failure to allege any facts pertaining to Hovensa's conduct. In its Motion in 13-CV-0070, Hovensa sought dismissal on the grounds that the Complaint therein was duplicative and "identical to another complaint currently pending"—the Complaint in 12-CV-0044. Because the Court finds that the parties' arbitration agreement encompasses claims against Hovensa, and thus such claims will be referred to arbitration, Hovensa's Motions to Dismiss are now moot.

2

any and all claims, disputes or controversies arising out of or relating to" Plaintiff's application for, or terms and conditions of, her employment with Wyatt "exclusively by final and binding arbitration." (Dkt. No. 14, Exs. 1, 2).[3]

Plaintiff alleges that in May 2011 she informed Wyatt of her pregnancy, and, beginning in June 2011, was subjected to a "pattern and practice of harassment" and unfavorable treatment, including restricting her duties and placing her on assignment in a remote area of the premises. (Dkt. No. 1 at 3). Plaintiff further alleges that her Wyatt supervisor sent her home for two weeks because she looked ill, with the understanding that she would be called back. (*Id.* at 4). However, in November 2011 she received a letter of termination stating that she was discharged due to job abandonment. *(Id.).*

Plaintiff filed suit in April 2012. Her Complaint recounts the history above, and asserts seven claims—specifically: (1) pregnancy and sex discrimination in violation of The Pregnancy Discrimination Act; (2) sex discrimination in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII") and 10 V.I.C. § 64 ("Virgin Islands Civil Rights Act"); (3) violation of the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76; (4) breach of contract; (5) breach of the implied duty of good faith and fair dealing; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. (*Id.* at 2-8). The Wyatt Defendants filed the instant Motion to Stay in lieu of an answer, asserting that the DRAs are valid and encompass Plaintiff's claims, and thus arbitration is the appropriate forum for resolution of the instant dispute, pursuant to the Federal Arbitration Act ("FAA"). (Dkt. Nos. 13, 14). Plaintiff did not respond to the Wyatt Defendants' Motion.

---

[3] Wyatt V.I., Inc. was referred to as "Wyatt" in both DRAs, as it is in this Opinion.

As discussed below, the Court finds that the DRAs are valid arbitration agreements and encompass Plaintiff's claims. Accordingly, the claims will be referred to arbitration and a stay of the proceedings in this Court, pending arbitration, will be entered.

## II.   DISCUSSION

### A.   Applicable Law

The FAA embodies "'a congressional declaration of a liberal federal policy favoring arbitration agreements.'" *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221, 228 (3d Cir. 2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24 (1983) (holding that there is a presumption in favor of arbitration where a valid arbitration agreement exists)). Accordingly, courts should read the FAA broadly, resolving any doubts in favor of arbitration, even in the context of "claims arising under a statute designed to further important social policies." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 89-90 (2000); *see Khan v. Dell Inc.*, 669 F.3d 350, 356 (3d Cir. 2012) (concluding that ambiguity in agreement must be resolved in favor of arbitration).

The Court engages in a two-part inquiry in determining a motion to compel arbitration. *See, e.g.*, *Comrey v. Discover Fin. Serv.*, 806 F. Supp. 2d 778, 782 (M.D. Pa. 2011) (citing *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005)). First, the Court must analyze "'whether a valid agreement to arbitrate exists and [second,] whether the particular dispute falls within the scope of that agreement.'" *Id.* (quoting *Trippe*, 401 F.3d at 532).

The FAA provides that where a valid arbitration agreement exists, trial courts "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement," provided that the court is "satisfied that the issue involved . . . is referable to arbitration" under the parties' agreement. 9 U.S.C. § 3. Arbitration is

a "matter of contract" where "litigants may freely contract to refer their dispute to arbitration." *American Exp. Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304, 2309 (2013); *Gov't of the V.I. v. 0.459 Acres of Land Consisting of the Following: Parcel No. 6A Estate Thomas Kings Quarter & Parcel No. 9A, Estate Thomas, V.I.,* 286 F. Supp. 2d 501, 511 (D.V.I. 2003). Accordingly, the FAA instructs that a suit filed in this Court should be stayed pending arbitration when the parties agreed to resolve disputes in an arbitration forum. *See Martinez v. Colombian Emeralds, Inc.*, 2009 WL 578547, at *7 (V.I. March 4, 2009).

**B.     Analysis**

The FAA provides that, on a party's motion, judicial proceedings are to be stayed pending arbitration where the parties have a valid agreement to arbitrate, and where the claims asserted fall within the scope of the arbitration agreement. 9 U.S.C. § 3; *see Ebner v. Fin. Architects, Inc.*, 763 F. Supp. 2d 697, 699 (D. Del. 2011) (citing *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990)). Here, Plaintiff and Wyatt executed two DRAs in connection with Plaintiff's employment. The first DRA reads:

> I recognize that differences may arise between Wyatt and me in relation to my application for employment. Both Wyatt and I agree to *resolve any and all claims, disputes or controversies arising out of or relating to* my application or candidacy for employment or *the terms and conditions of any offer of employment exclusively by final and binding arbitration . . . By way of example only*, some of the types of claims *subject to final and binding arbitration* include claims for an alleged wrongful decision not to hire me; *claims for discrimination or harassment* on the basis of age, race, religion, *disability*, national origin *or other basis prohibited by state, federal or territorial law*; *or claims for breach of any employment agreement or promises; and any claims for personal injury* or property damage. This agreement extends to such disputes with or claims against Wyatt VI Inc., HOVENSA, LLC, other contractors or subcontractors employed at the HOVENSA refinery, and any of their related or affiliated companies, entities, employees or individuals (as intended third party beneficiaries to this agreement).

(Dkt. No. 14, Ex. 1) (emphasis added). The second DRA reads:

> I recognize that differences may arise between Wyatt and me in relation to my application for employment and *possible subsequent employment*. . . . both Wyatt and I agree to resolve *any and all claims, disputes or controversies arising out of or relating to*: (1) my application or candidacy for employment; (2) an alleged wrongful decision not to hire me; (3) *any statutory claims for discrimination or harassment on the basis of* age, *sex,* race, color, religion, *disability*, or national origin under by [sic] state, federal or territorial law that are pursued outside of the grievance and arbitration provisions of the [Collective Bargaining Agreement ("CBA")]; and (4) *any claims for personal injury* or property damage arising in any way from my presence at the HOVENSA refinery that are not covered by the CBA; *exclusively by final and binding arbitration before a neutral arbitrator* . . . This agreement extends to such disputes with or claims against Wyatt, HOVENSA, LLC, other contractors or subcontractors employed at the HOVENSA refinery, and any of their related or affiliated companies, entities, employees or individuals (as intended third party beneficiaries to this agreement).

(Dkt. No. 14, Ex. 2) (emphasis added). Both DRAs also include a "Special Note" which states that the DRA affects legal rights, and that signatories may wish to seek legal counsel prior to signing. (Dkt. No. 14, Exs. 1, 2). Immediately above the signature block, both DRAs read: "[b]y signing below, I agree to be bound to this Agreement. I understand that I must arbitrate all claims as described herein, that I may not file a lawsuit in court and that I am waiving my right to trial by court or jury on all claims encompassed by this agreement." (*Id.*). Plaintiff was required to sign the DRAs as a prerequisite to her employment with Wyatt. (*Id.*). The first DRA was finalized on January 19, 2005, and the second on July 27 of the same year. (*Id.*).

Courts apply the laws of the state where the arbitration contract was formed in determining contract validity. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995); *Nat'l Fin. Partners Corp.,* 2009 WL 1939818, at *3. In the Virgin Islands, validity requires a "bargain in which there is a mutual assent to the exchange, and consideration." *Morales v. Sun Constructors, Inc.*, 541 F.3d 218, 221 (3d Cir. 2008); *see also Kendall v. Superior Court, Gov't of the Virgin Islands*, 2013 WL 785518 (D.V.I. Mar. 1, 2013); *Univ. of V.I. v. Petersen–Springer,* 232 F. Supp. 2d 462, 469 (D.V.I. 2002). Mutual assent is measured by

6

outward expression, and not by subjective intent. *Morales*, 541 F.3d at 221; *Fitz v. Islands Mech. Contractor, Inc.*, 2010 WL 2384585, *5 (D.V.I. June 9, 2010).

Consideration is a "bargained-for legal benefit and/or detriment," *Terrace v. Williams*, 2009 WL 2043870, at *9 (V.I. July 1, 2009), "such as an act, a forbearance, or a return promise," *Smith v. Gov't of Virgin Islands*, 2009 WL 1097527, at *5 (D.V.I. Apr. 17, 2009) (quoting Black's Law Dictionary (8th ed. 2004)); *see Moore v. Hovensa, LLC*, 2005 WL 1677522, at *3 (V.I. Super. Ct. June 22, 2005) (holding that consideration was legally sufficient where "Plaintiff as the promisor sought employment from [defendant] Turner in exchange for Plaintiff's promise to abide by the terms of the subject Employment Agreement, including the terms requiring arbitration of personal injury claims against Hovensa [as third party beneficiary, and] Turner as the promisee employed Plaintiff in exchange for Plaintiff's promise"). In the employment context, consideration exists where the parties oblige themselves to submit future disputes to the arbitration process and to be bound by the results. *See Plaskett v. Bechtel Int'l, Inc.*, 243 F. Supp. 2d 334, 338 (D.V.I. 2003) ("The arbitration provisions provide consideration for the Agreement, in that both parties agreed to be bound by arbitration.") (citing *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603-04 (3d Cir. 2002) (citing *Michalski v. Circuit City Stores, Inc.,* 177 F.3d 634, 637 (7th Cir. 1999) and *Johnson v. Circuit City Stores, Inc.,* 148 F.3d 373, 378 (4th Cir. 1998))).

Here, by signing the DRAs, Wyatt agreed to accept Plaintiff's employment application in exchange for Plaintiff's agreement to submit to and be bound by the DRAs, including their arbitration clauses. Thus, consideration exists in this case. *See Moore*, 2005 WL 1677522, at *3. Consideration also exists because the parties each assumed the benefits and/or detriments provided by mandatory and binding arbitration. *See Plaskett*, 243 F. Supp. 2d at 338. Further, mutual assent is evidenced by the signatures of both parties at the bottom of the DRAs, which are

immediately preceded by the language: "[b]y signing below, I agree to be bound to this Agreement. I understand that I must arbitrate all claims as described herein." (Dkt. No. 14, Exs. 1, 2). Accordingly, with mutual assent and consideration, the Court finds that the DRAs are valid agreements.

The Court next looks to whether Plaintiff's claims fall within the scope of the DRAs. *See Trippe Mfg. Co.*, 401 F.3d at 532. The FAA's presumption in favor of arbitrability indicates that "doubts should be resolved in favor of coverage" if there is an interpretation of an arbitration agreement that would render a dispute arbitrable. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (internal citations omitted); *accord Khan*, 669 F.3d at 356.

The first DRA lists "claims for discrimination or harassment on the basis of age, race, religion, disability, national origin or other basis prohibited by state, federal or territorial law; or claims for breach of any employment agreement or promises; and any claims for personal injury or property damage" as a non-exclusive list of claims which the parties agree to arbitrate should they arise. (Dkt. No. 14, Ex. 1). The second DRA states that disputes "arising out of or relating to . . . any statutory claims for discrimination or harassment on the basis of age, sex, race, color, religion, disability, or national origin under by [sic] state, federal or territorial law" that are pursued outside of the process available to unionized employees are to be arbitrated. (Dkt. No. 14, Ex. 2). Here, Plaintiff alleges in Counts I-III of her Complaint that Defendants acted in violation of the Civil Rights Act, Pregnancy Discrimination Act, Virgin Islands Civil Rights Act, and Virgin Islands Wrongful Discharge Act by discriminating against her on the basis of sex and pregnancy. (Dkt. No. 1 at 5-6). The Court finds that these claims are within the plain language of the DRAs stating that claims for discrimination on the basis of prohibited categories—such as sex and disability—are to be arbitrated.

Count IV (mislabeled as III) and Count V (mislabeled as IV) of the Complaint assert claims for express and implied breach of Plaintiff's employment contract and an associated breach of the duty of good faith and fair dealing in terminating her employment. (Dkt. No. 1 at 6-7). The Court finds that these claims are within the plain meaning of the first DRA's provision listing as arbitrable "claims for breach of any employment agreement or promises" and the second DRA's provision covering "any and all claims, disputes or controversies arising out of or relating to . . . any statutory claims for discrimination or harassment." (Dkt. No. 14, Exs. 1, 2).

Finally, the Court finds that Plaintiff's claims of alleged negligent and intentional infliction of emotional distress asserted in Counts VI and VII (mislabeled as V and VI) are personal injury allegations, thus also falling within the scope of claims expressly arbitrable under the DRAs. (*Id.*). Therefore, the Court—concluding that Plaintiff's specific claims are within the scope of the DRAs, and applying the general principle that "in the absence of any express provision excluding a particular grievance from arbitration" the FAA establishes a presumption in favor of arbitration—will refer the claims to arbitration. *See AT&T Technologies, Inc.*, 475 U.S. at 650.

Both DRAs state that they extend—by their terms—to "claims against Wyatt, HOVENSA, LLC, other contractors or subcontractors employed at the HOVENSA refinery, and any of their related or affiliated companies, entities, employees or individuals (as intended third party beneficiaries to this agreement)." (Dkt. No. 14, Exs. 1, 2). Here, Plaintiff's suit names three defendants: Wyatt V.I. (referred to herein as "Wyatt"), Wyatt Field Service Company (referred to herein as "WFSC"), and Hovensa. (Dkt. No. 1). Wyatt and Hovensa are explicitly covered by the DRAs. Wyatt is a division of WFSC, and therefore WFSC is a "related or affiliated company" encompassed in the DRAs. *See* Notice of Determination Regarding Application for

Reconsideration, Department of Labor Employment and Training Administration, 77 Fed. Reg. 132, 40637 (July 10, 2012) (announcing agency's determination on the petition of "Wyatt VI, Inc., A Division of Wyatt Field Service Company"). Accordingly, Plaintiff's claims against all three Defendants are covered by the express terms of the DRA, and are therefore referable to arbitration. *Cf. Moore*, 2005 WL 1677522, at *3.

The DRAs, each signed by both Plaintiff and Wyatt, are valid agreements to arbitrate, and encompass all of Plaintiff's claims. The FAA provides that the matter is to be stayed pending arbitration, and accordingly the Court will grant the Wyatt Defendants' Motion.

### III.  CONCLUSION

For the foregoing reasons, the Wyatt Defendants' Motion to Stay Proceedings Pending Arbitration will be granted and the proceedings stayed. An appropriate Order accompanies this Opinion.

Date:  January 13, 2015               _____/s/_____
                                      WILMA A. LEWIS
                                      Chief Judge